IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**SHAYLON HEARON, Individually and on behalf of All Others Similarly Situated** **PLAINTIFF**

vs. No. 4:17-cv-977

**SANDFORD OIL COMPANY, INC., and WESTERN TRANSPORTATION, INC.** **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Shaylon Hearon, individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendants Sandford Oil Company, Inc., and Western Transportation, Inc. (collectively "Defendants"), and in support thereof does hereby state and allege as follows:

## I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff Shaylon Hearon ("Plaintiff") on behalf of himself and on behalf of other Frack Fuel Technicians employed by Defendants at any time within a three-year period preceding filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and other Frack Fuel

Technicians overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the Fort Worth Division of the Northern District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

7. Plaintiff is a resident and citizen of Tarrant County. He was employed by Defendants a Frack Fuel Technician within the three (3) years preceding the filing of the Original Complaint.

8. Plaintiff was employed by Defendants from about September of 2014 until about December of 2016.

9. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

10. Defendant Sandford Oil Company, Inc., is a Texas for-profit corporation having a registered agent for service of process of R. Blake Sandford, 501 U.S. Highway 81 South, Decatur, Texas 76234.

11. Defendant Western Transportation, Inc., is a Texas for-profit corporation having a registered agent for service of process of R. Blake Sandford, 501 U.S. Highway 81 South, Decatur, Texas 76234.

12. Defendants have unified operational control and share employees, including equal power to supervise, hire and fire, establish wages and wage policies, and set schedules for their shared employees.

13. Defendant Sandford Oil Company, Inc., is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

14. Defendant Western Transportation, Inc., is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

15. Defendants have employees engaged in commerce and have employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

16. Defendant Sandford Oil Company, Inc., has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

17. Defendant Western Transportation, Inc., has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

18. Defendants' workers routinely use hard hats, wrenches, and other tools in performing their job duties. Thus, their employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## IV. FACTUAL ALLEGATIONS

19. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

20. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendants as a Frack Fuel Technician, also known as a Frack Fuel Driver.

21. As a Frack Fuel Technician, Plaintiff's primary duties involved fueling up equipment at oil and gas well sites.

22. Plaintiff was classified as an hourly employee for the entire duration of his employment with Defendants and paid an hourly rate.

23. During his shifts, Plaintiff almost always worked in excess of forty (40) hours per week throughout his tenure with Defendants. Other Frack Fuel Technicians worked similar hours.

24. Plaintiff and other Frack Fuel Technicians received the same hourly rate for all hours worked for Defendants, both above and below forty (40) hours per week,

and did not receive an overtime premium of one and one-half (1.5) times their regular rate of pay for their hours worked during weeks in which they worked more than forty (40) hours for Defendants.

25. Plaintiff and the other Frack Fuel Technicians were and are entitled to 1.5 times their regular rate of pay for all hours worked in excess of forty (40) in a week.

26. Defendants failed to pay Plaintiff and other Frack Fuel Technicians overtime compensation at a rate of one and one-half (1.5) times their regular rate of pay for their hours worked in excess of forty (40) hours per week even though Defendants were aware of how many hours Plaintiff and other Frack Fuel Technicians worked.

27. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and their other Frack Fuel Technicians violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

28. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

29. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Frack Fuel Technicians who were or are employed by Defendants and who are entitled to payment for all overtime wages earned which Defendants failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

30. Plaintiff is unable to state the exact number of the class but believe that the class membership exceeds 30 persons but is less than 150 persons. Defendants

can readily identify the members of the class, who are a certain portion of the current and former employees of Defendants.

31. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

32. The cell phone numbers and email addresses of many of the probable FLSA collective action plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action plaintiffs via text message and/or email to their last known cell phone number and/or email address as soon as possible.

33. Oilfield workers are by definition not at their residences as frequently as many other working-class Americans. As such, they rely on email just as much as or more so than typical wage earners, who themselves live their lives with a growing dependence upon email as opposed to traditional U.S. Mail.

34. The proposed FLSA class members are similarly situated in that they share these traits:

a. They were classified by Defendants as non-exempt from the overtime requirements of the FLSA;

b. They were paid hourly;

c. They recorded their time in the same manner; and

d. They were subject to Defendants' common policy of failing to pay an overtime rate for all hours worked over forty (40) per work week.

## VI. FIRST CLAIM FOR RELIEF

**(Individual Claim for Violation of FLSA)**

35. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

36. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207.

37. Defendants failed to pay Plaintiff at a rate of one and one-half times his regular rate for all hours worked over forty (40) hours per week, despite his entitlement thereto.

38. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

39. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

40. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF

**(Collective Action Claim for Violation of FLSA)**

41. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

42. Plaintiff asserts this claim on behalf of all Frack Fuel Technicians employed by Defendants to recover monetary damages owed by Defendants to Plaintiff and members of the putative class for unpaid overtime compensation for all the hours they worked in excess of forty (40) per week.

43. Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA.

44. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207.

45. Defendants failed to pay Plaintiff and those similarly situated at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto.

46. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed class is properly defined as follows:

**All Frack Fuel Technicians (also known as Frack Fuel Drivers) employed by Defendants within the past three years.**

47. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

48. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

49. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. EQUITABLE TOLLING

50. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

51. The applicable statute of limitations for Plaintiff's FLSA cause of action on behalf of himself and all others similarly situated should be tolled because strict application of the statute of limitations would be inequitable.

52. Defendants, as employers with a duty to comply with the FLSA and the means to do so, were and have been at all relevant times in a far superior position than Plaintiff or members of the proposed class to understand the FLSA and apply it appropriately, and Defendants should not be permitted to benefit from this imbalance of power by the passage of time.

53. Further, FLSA regulations require that all employers display posters advising employees of their minimum wage and overtime pay rights. 29 C.F.R. § 516.4.

54. An employer's failure to post required FLSA notices regarding minimum wage and overtime provisions can toll the statute of limitations. United States v. Sabhnani, 566 F. Supp. 2d 139 (E.D.N.Y. 2008); Henchy v. City of Absecon, 148 F. Supp. 2d 435, 439 (D.N.J. 2001); Kamens v. Summit Stainless, Inc., 586 F. Supp. 324, 328 (E.D. Penn. 1984).

55. Defendants failed to post all appropriate notices regarding the FLSA.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Shaylon Hearon respectfully prays as follows:

(a) That each Defendant be summoned to appear and answer herein;

(b) That Defendants be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

(c) A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(d) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(e) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(f) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class during the applicable statutory period;

(g) An order directing Defendants to pay Plaintiff and members of the class pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

(h) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF SHAYLON HEARON, Individually and on behalf of All Others Similarly Situated**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: 501) 221-0088
Facsimile: (888) 787-2040

By: */s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com